IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
   Plaintiff,

  vs.               No. 14-10098-JTM

CYNTHIA BRIGHT,
   Defendant.

MEMORANDUM AND ORDER

   This matter is before the court on defendant Cynthia Bright's Motion to Reduce Sentence (Dkt. 27). Bright previously pled guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344, and received a sentence of 70 months imprisonment. (Dkt. 20). The motion asks for a reduction of her sentence based upon Amendments to the United States Sentencing Guidelines (USSG) which were adopted in 2015, and on *Hughes v. United States*, 138 S.Ct. 1765 (2018).

   But *Hughes* addressed a challenge to a sentence rendered under 11(c)(1)(C) based upon a retroactively applicable USSG Amendment. The 2015 amendments to USSG 2B1.1 were not retroactive — as this court explicitly held in previously denying Bright a sentence reduction. (Dkt. 26). *See United States v. Walker*, 818 F.3d 416, 424 (8th Cir.

2016). The court accordingly has no jurisdiction under 18 U.S.C. § 3582(c) to modify the sentence, and the motion is accordingly dismissed rather than denied.

The only new issue raised as a consequence of the present motion is the additional suggestion, made essentially in passing in Bright's Reply brief, that she should also receive a reduction pursuant to the First Step Act (FSA). Other than simply mentioning the FSA, Bright makes no explanation of why it would apply in her case.

The FSA authorizes resentencings in certain cases including relief from mandatory sentences arising from criminal history and narcotics laws. Here, the defendant had no criminal history, and was not subject to a mandatory sentencing enhancement. The FSA did amend the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A) to allow a prisoner to file a request for compassionate release without prior input by the Bureau of Prisons. *See United States v. Fox*, No. 4-03-DBH, 2019 WL 3046086, at *1-3 & n.1 (D. Me. July 11, 2019) (FSA alters the procedure and "not … the statutory criteria for compassionate release." The statute, however, authorizes relief only if there are "extraordinary and compelling reasons" justifying the relief. Under U.S.S.G. 1B1.13(1), such reasons generally are limited to the defendant's medical condition, her age, or the death or incapacitation of close family members.

Here, the defendant has not shown such extraordinary justification. To the contrary, she invokes the FSA with nothing more than the additional comment that "I have worked a prison job the whole time I have been incarcerated," and that as a result "[m]y good time date would change 41 days." (Dkt. 29 at 1).

The defendant's 70 month sentence was correctly calculated in light of the relevant sentencing factors and the large losses caused by the fraud. Nothing in the defendant's prison employment alters this assessment, let along meet the "extraordinary and compelling" heavy burden imposed on persons seeking compassionate relief.

IT IS ACCORDINGLY ORDERED this day of January, 2020, that the Defendant's Motion for Reduction (Dkt. 27) is hereby dismissed.

J. Thomas Marten
J. Thomas Marten, Judge